UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 22-71-DLB

TRAVIS MORGAN KELLY                                                                                           PLAINTIFF

v.                           MEMORANDUM OPINION AND ORDER

BENJAMIN COLLINS, et al.,                                                                                  DEFENDANTS

*** *** *** ***

Travis Kelly is a resident of Williamsburg, Kentucky. Kelly filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Western District of Kentucky. (Doc. # 1). Kelly did not pay the $402.00 filing fee or file a motion to proceed *in forma pauperis*. The case was transferred to this Court via Order dated April 5, 2022. (Doc. # 3).

In his complaint, Kelly alleges that in December 2013, two persons followed or stalked him from Kentucky to California where he was kidnapped and forced to kill two other people who were "waiting to kill [him] on a rooftop." He further suggests that these events were prompted by his efforts in 2010 and 2012 to swear out arrest warrants for several individuals. Kelly indicates that "KCPC," presumably the Kentucky Correctional Psychiatric Center, has copies of records relevant to his allegations. Kelly also states that he has brain damage "for sonic weapons/voice to skull" and that he has been "tortured by an emf/directed energy weapon since age 29 – [and he is] 41 now." (Doc. # 1 at 5). Kelly names ten persons as defendants, only a few of whom are mentioned in the body of the complaint. Kelly declined to answer questions on the complaint form

1

directing him to identify the nature of his claims or explain how each of the named defendants was acting under color of state or federal law. *Id*. at 3-4.

The Court will dismiss Kelly's complaint for several reasons. Kelly did not properly initiate a civil action in this Court because he neither paid the required filing fee nor did he seek *pauper* status. 28 U.S.C. §§ 1914, 1915. He also fails to state a claim against many of the defendants because he makes no allegations against them at all. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.") (cleaned up). And Kelly's allegations do not state or suggest that the defendants violated his civil rights, assuming without deciding that they acted under color of state law. Even if Kelly could cure this pleading deficiency, his claims are plainly barred by the applicable statutes of limitation. *See Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009) (noting application of one-year limitations period under Ky. Rev. Stat. § 413.140(1)(a) to civil rights claims arising in Kentucky); *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (noting application of two-year limitations period under Cal. Civ. Proc. Code § 335.1 to civil rights claims arising in California). But most fundamentally, Kelly's allegations are plainly implausible and without merit. The complaint is therefore subject to summary dismissal for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999) (holding that a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Travis Kelly's Complaint (Doc. # 1) is **DISMISSED**.

2. This matter is **STRICKEN** from the active docket.

This 6th day of April, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\PSO Orders\6-22-71-DLB Memorandum Dismissing.docx